```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MINETTE LYNN LACROIX,

       Plaintiff,

v.                                    Case No: 2:14-cv-431-FtM-29CM

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for the
MLMI Trust Series,

       Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #4) filed on August 8, 2014. Plaintiff did not file a timely response, and further did not respond when provided an additional opportunity to do so. (See Doc. #9.) For the reasons stated below, the motion is due to be granted.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be

"plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted).

**II.**

On June 9, 2014, plaintiff Minette Lynn Lacroix (plaintiff or Lacroix) initiated a Complaint to Quiet Title (Doc. #2) in the Twentieth Judicial Circuit Court in and for Lee County, Florida, against Deutsche Bank National Trust Company as Trustee for the MLMI Trust Series (defendant or Deutsche Bank). On August 1, 2014, the Complaint was removed on the basis of diversity jurisdiction and defendant moved to dismiss the Complaint for failure to state a claim upon which relief may be granted.

Taking all the factual allegations as true, Lacroix owns real property in Lee County, Florida by virtue of a Special Warranty Deed dated March 30, 2001. On December 21, 2006, Lacroix executed

2

a mortgage and note in favor of Deutsche Bank for $225,000 promising to pay regular periodic payments in full no later than January 1, 2037.  (Doc. #2-2, Exh. B.)  Plaintiff failed to make periodic payments when due, and on May 14, 2009, Deutsche Bank filed suit against Lacroix accelerating the loan and seeking payment of the mortgage and note in state court.  On April 21, 2014, Deutsche Bank dismissed the case, an Order Dismissing Suit Without Prejudice, Vacating Summary Final Judgment and Returning Original Documents (Doc. #2-4, Exh. D) was issued, and the mortgage and note re-established.

Plaintiff seeks to have the mortgage and note declared null and void, the mortgage cancelled, and for quiet title on the property.  Plaintiff asserts that the statute of limitations bars enforcement of the note and mortgage after May 14, 2014.

## III.

Count I of the Complaint seeks quiet title based on two statute of limitations.  One provides that a cause of action "other than for recovery of real property" must be commenced within five years of an action to foreclose a mortgage.  Fla. Stat. § 95.11(2)(c).  The other provides that the lien of a mortgage or other instrument encumbering real property terminates 5 years after the expiration of the final maturity of an obligation secured by a mortgage.  Fla. Stat. § 95.281(1)(a).

3

To resolve a conflict between circuits, the Florida Supreme Court determined that a dismissal of a foreclosure action does not bar a subsequent action on the balance due on the note. The Florida Supreme Court stated:

> While it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue. See Olympia Mortgage Corp., 774 So. 2d at 866 ("We disagree that the election to accelerate placed future installments at issue."); see also Greene v. Boyette, 587 So. 2d 629, 630 (Fla. 1st DCA 1991) (holding that a mortgagee can successfully recover twice on one mortgage for multiple periods of default because the payments were different "installments"). For example, a mortgagor may prevail in a foreclosure action by demonstrating that she was not in default on the payments alleged to be in default, or that the mortgagee had waived reliance on the defaults. In those instances, the mortgagor and mortgagee are simply placed back in the same contractual relationship with the same continuing obligations. Hence, an adjudication denying acceleration and foreclosure under those circumstances should not bar a subsequent action a year later if the mortgagor ignores her obligations on the mortgage and a valid default can be proven.

Singleton v. Greymar Assocs., 882 So. 2d 1004, 1007 (Fla. 2004). Regardless of whether the statute of limitations bar individual defaulted payments that are more than five years old, the mortgage and note remain valid and enforceable. See, e.g., Kaan v. Wells Fargo Bank, N.A., 981 F. Supp. 2d 1271, 1274 (S.D. Fla. 2013);

4

Romero v. SunTrust Mortg., Inc., 15 F. Supp. 3d 1279, 1284 (S.D. Fla. 2014).  "The ends of justice require that the doctrine of res judicata not be applied so strictly so as to prevent mortgagees from being able to challenge multiple defaults on a mortgage." Singleton, 882 So. 2d at 1008 (Fla. 2004).  The mortgage and note remain valid and enforceable, and therefore plaintiff has failed to state a claim for quiet title.

Accordingly, it is now

**ORDERED:**

1.  Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #4) is **GRANTED** and the Complaint is **dismissed with prejudice**.

2.  The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of December, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record